# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARY SABOL, Warden, York County Prison; PRIMECARE MEDICAL, INC.;PENNSYLVANIA DEPARTMENT OF CORRECTIONS; and DONALD MONICA, Acting District Director of the U.S. Department of Homeland Security,<br><br>　　　　Defendants. | NO. 3:08-CV-1325<br><br>consolidated with 3:08-MC-0164<br>　　　　　　　　　　3:08-MC-0165<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

On July 14, 2008, Petitioner Abdel Fattah filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241.  Habeas corpus petitions brought under § 2241 are subject to summary dismissal if, to the court entertaining the application, "it appears from the application that the applicant or person detained is not entitled" to habeas relief.  28 U.S.C. § 2243.

The purpose of a petition for a writ of habeas corpus is to challenge the fact or duration of confinement or to seek more speedy release from confinement, not to challenge the conditions of confinement.  *Presier v. Rodriguez*, 411 U.S. 475, 499-500 & n.14 (1973); *see also Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *1 (M.D. Pa. Jan. 16, 2007) (Kosik, J.).  In *Preiser*, the Supreme Court held that a writ of habeas corpus is the exclusive civil remedy for prisoners seeking release from custody. 411 U.S.

at 489. The Court noted, "[i]t would wholly frustrate explicit congressional intent to hold that the respondents . . . could evade [the writ's exhaustion] requirement by the simple expedient of putting a different label on their pleadings." Id. at 489-90.

In *Wilkinson v. Dotson*, 544 U.S. 74, 88 (2005), the Supreme Court held that a "state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Although the Court compared habeas corpus requirements to the requirements facing state prisoners filing under 42 U.S.C. § 1983, this rationale applies just as soundly to federal prisoners filing a claim based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal equivalent of § 1983.

The Seventh Circuit Court of Appeals in *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005) considered the difference in relief between civil rights claims and habeas petitions:

> If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, we have held that she must use a § 1983 or *Bivens* theory: "If the prisoner is seeking what can be fairly described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks."

*Id.* (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)).

In his petition for a writ of habeas corpus, Mr. Fattah does not question the fact or duration of his confinement. Rather, he asserts violations of his due process rights based

2

upon his nasal feedings and failure to receive a J-tube, and violations of his Eight Amendment rights based upon: (1) the use of the gastric tube; (2) his naked condition in the cell; (3) his failure to receive running water; (4) his inability to shower and attend to basic hygienic needs; (5) the use of shackles and handcuffs; (6) the failure to receive a flushing toilet; (7) the failure to receive adequate psychological services; and (8) other injuries.

The description of the injuries in his petition for a writ of habeas corpus clearly concern the *conditions* of Mr. Fattah's confinement. These claims are properly brought under § 1983 or as a *Bivens* action. As Mr. Fattah does not question the fact or duration of his confinement, the Court will summarily dismiss Mr. Fattah's petition, as "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243.

NOW, this 24th day of July 2008, **IT IS HEREBY ORDERED THAT** Petitioner Abdel Fattah's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge