# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MARY SABOL, Warden, York County Prison; PRIMECARE MEDICAL, INC.;PENNSYLVANIA DEPARTMENT OF CORRECTIONS; and DONALD MONICA, Acting District Director of the U.S. Department of Homeland Security,<br><br>　　　　Defendants. | NO. 3:08-CV-1325<br><br>consolidated with 3:08-MC-0164<br>　　　　　　　　　　3:08-MC-0165<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

On July 16, 2008, Petitioner Abdel Fattah filed a Motion for Joinder pursuant to Federal Rule of Civil Procedure 19.  (Doc. 17.)  Petitioner Fattah requests that York County Prison and the Commonwealth of Pennsylvania Department of Corrections ("Pennsylvania DOC") be joined as parties.  (*Id.*)

The Court previously dismissed Petitioner Fattah's petition for a writ of habeas corpus, as Mr. Fattah challenged the conditions of his confinement, rather than the fact or duration of his confinement.  The remaining motions by the Petitioner Fattah are his Motion for a Temporary Restraining Order (Doc. 11, 3:08-MC-0164) and Motion to Stay Removal. (Doc. 38, 3:08-MC-0164.)  It would be inappropriate to join the York County Prison and the Pennsylvania DOC as parties based upon the record currently before the Court.

The issue before the Court is the force-feeding of Mr. Fattah.  Although York County Prison currently houses Mr. Fattah, it  is not involved in the force-feeding, as medical care to Mr. Fattah has been delegated to PrimeCare Medical, Inc.  Although Mr. Fattah has alleged various wrongdoings against the York County Prison, he has yet to bring a proper claim for constitutional violations against the Prison.  The Court has held that the Petitioner need not exhaust his remedies to bring claims regarding the conditions of his confinement, but he has yet to bring any such claims.  No *Bivens* action has been brought against the York County Prison.   Any complaints of his treatment, besides the issue regarding his force-feeding, are not currently before the Court.  Therefore, Court is able to "accord complete relief among existing parties" without the York County Prison. FED. R. CIV. P. 19(a).  The Court will not join York County Prison as a party at this time.

Petitioner argues that 28 U.S.C. § 1738, the Full Faith and Credit Act, cannot apply unless the Pennsylvania DOC is joined as a party.  Petitioner further argues that the Full Faith and Credit Act would be used to enforce Judge Guido's order. However, the Petitioner has failed to explain why the Pennsylvania DOC must be joined to utilize 28 U.S.C. § 1738.

The Pennsylvania DOC was previously included as a party in Mr. Fattah's dismissed habeas petition.  When the petition was dismissed, the Pennsylvania DOC was also dismissed.  At this time, the Court will not join the Pennsylvania DOC with respect to the other pending motions.  As with the York County Prison, no claims exist against the Pennsylvania DOC.  There is no indication that the Court is unable to "accord complete relief among existing parties" without the Pennsylvania DOC.  FED. R. CIV. P. 19(a). Therefore, Petitioner's motion for joinder will be denied.

NOW, this 24th day of July 2008, **IT IS HEREBY ORDERED THAT** Petitioner Abdel Fattah's Motion for Joinder (Doc. 17) is **DENIED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge