# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDEL FATTAH,<br><br>  Plaintiff,<br><br>  v.<br><br>MARY SABOL, Warden, York County Prison; PRIMECARE MEDICAL, INC.;PENNSYLVANIA DEPARTMENT OF CORRECTIONS; and DONALD MONICA, Acting District Director of the U.S. Department of Homeland Security,<br><br>  Defendants. | NO. 3:08-CV-1325<br><br>consolidated with 3:08-MC-0164<br>3:08-MC-0165<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

On July 24, 2008, Plaintiff Abdel Fattah filed a Motion to Stay his transfer to the Columbia Care Center in Columbia, South Carolina. (Doc. 27.)  This motion is a motion to stay the Government's  removal of Mr. Fattah pursuant to Federal Rule of Civil Procedure 65.  I will evaluate Mr. Fattah's motion under the same standards as a motion for a preliminary injunction.  *See Kahn v. Elwood*, 232 F. Supp. 2d 344, 348-49 (M.D. Pa. 2002) (Rambo, J.).  To succeed on this motion to stay, the Plaintiff must demonstrate irreparable harm,  whether the issuance of the stay will substantially injury other parties interested in the proceeding, where the public interest lies, and whether plaintiff has a likelihood of success on the merits.  *Id.*

First, Plaintiff Abdel Fattah will not suffer irreparable harm through his transfer to the Columbia Care Center in South Carolina.  In fact, his transfer to this facility may result

in improved care for his condition, and irreparable harm to Mr. Fattah could occur if the removal is not permitted.

Second, the issuance of the stay may substantially injure other parties interested in this proceeding.  Specifically, York County Prison, who is currently in charge of the care of Mr. Fattah, would be substantially injured by his remaining there.  There are indications that York County Prison does not possess the resources to properly care for Mr. Fattah's medical condition.  Therefore, the stay would tax the resources of the York County Prison, substantially harming them.

Third, the public interest lies in favor of denying the stay.  The Government seeks to move Mr. Fattah to an ICE facility, rather than remain at York County Prison, which does not have the resources to handle Mr. Fattah's medical care.  The public interest lies in giving Mr. Fattah appropriate medical treatment.  Therefore, a stay of his removal would be against the public interest.

Finally, the likelihood of success on the merits for Mr. Fattah is very low.  Section 1231(g)(1) of Title 8 of the United States Code details the "Detention and removal of aliens ordered removed."  This section states that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."  8 U.S.C. § 1231(g)(1).  Therefore, the Attorney General determines the appropriate placement of detainees.  Furthermore, when read in conjunction with 8 U.S.C. § 1252(a)(2)(B)(ii), there is a question as to whether this Court has jurisdiction to review a removal order under Section 1231.  *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (finding that judicial review is inappropriate due to lack of jurisdiction); *but see Aquilar v. U.S. Immigration and Customs Enforcement Div. of Dep't of Homeland Security*,

2

510 F.3d 1, 19-21 (1st Cir. 2007) (permitting judicial review).  Due to the discretionary nature of the Attorney General's decision and the possibility that this Court lacks jurisdiction over review of this removal, the likelihood of success on the merits is low.

As these four (4) factors weigh against the issuance of a stay, the Court will deny Mr. Fattah's motion.

NOW, this 24th day of July 2008, **IT IS HEREBY ORDERED THAT** Plaintiff Abdel Fattah's Motion to Stay Transfer (Doc. 27) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge